UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
LETICIA MARTINEZ,                              Civil Action No.:
                                               08 CV 4455
                    Plaintiff,

         - against -                           **NOTICE OF REMOVAL**


KMART CORPORATION, SEARS HOLDINGS
CORPORATION and SEARS HOLDINGS
MANAGEMENT CORPORATION,                        **J. Cedarbaum**

                    Defendants-Petitioners.    **M. Pitman**
------------------------------------------------X

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

Defendants-petitioners, KMART CORPORATION, SEARS HOLDINGS CORPORATION and SEARS HOLDINGS MANAGEMENT CORPORATION ("Petitioners"), by their attorneys, SIMMONS, JANNACE & STAGG, L.L.P., SAL F. DeLUCA, ESQ., of counsel, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1.  On April 15, 2008, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Bronx, and trial has not yet been had therein. A copy of the Summons and Complaint is annexed hereto as **Exhibit "A"**.

2.  Petitioners have not yet served an Answer to plaintiff's Complaint.

1

3. The action seeks monetary damages for injuries allegedly suffered by plaintiff, LETICIA MARTINEZ, while she was in petitioners' store. The plaintiff's Complaint sounds in negligence.

4. The action involves a controversy between citizens of different states, in that: (a) plaintiff is a citizen of the State of New York; and (b) petitioners were, at the time the action was commenced, incorporated as follows: i) Kmart Corporation is a Michigan corporation with its principal place of business in the State of Michigan; ii) Sears Holdings Corporation is a Delaware corporation with its principal place of business in the State of Illinois; and iii) Sears Holdings Management Corporation is a Delaware corporation with its principal place of business in the State of Illinois.

5. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between petitioners and plaintiff. In addition, the amount in controversy exceeds $75,000.

6. This Notice of Removal is being filed within thirty (30) days after receipt by petitioners of plaintiff's Complaint.

7. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

8. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Bronx promptly after the filing of this Notice.

9. Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

10. By filing this Notice of Removal, petitioners do not waive any defenses which may be available to them, specifically including, but not limited to, their right to contest *in personam* jurisdiction over plaintiff, improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, petitioners pray that the above-captioned action now pending in the Supreme Court in the State of New York, County of Bronx, be removed therefrom to this Court.

Dated: Syosset, New York
       May 12, 2008

Yours, etc.,

SIMMONS, JANNACE & STAGG, L.L.P.

By: _____
    SAL F. DeLUCA (sd 2354)
Attorneys for Defendants
KMART CORPORATION, SEARS HOLDINGS CORPORATION and SEARS HOLDINGS MANAGEMENT CORPORATION
**Office & P.O. Address:**
75 Jackson Avenue
Syosset, New York 11791-3139
(516) 357-8100

TO: BURNS & HARRIS, ESQS.
    JOEL A. HOROWITZ
    Attorneys for Plaintiff
    LETICIA MARTINEZ
    **Office & P.O. Address:**
    233 Broadway, Suite 900
    New York, New York 10279
    (212) 393-1000

*EXHIBIT "A"*

AETNA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index # 303080-08

Date Filed:

----------------------------------------x

LETICIA MARTINEZ,

                Plaintiff,



**SUMMONS**

Plaintiff designates
Bronx County
as Place of Trial

        -against-

The basis of venue
is Plaintiff's
Residence

KMART CORPORATION, SEARS HOLDINGS
CORPORATION AND SEARS HOLDINGS
MANAGEMENT CORPORATION,

Plaintiff's Resides at
2820 Marion Ave.
Bronx, NY  10458

                Defendants.

----------------------------------------x

To the above named Defendants:

  **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); an in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
       April 15, 2008

Yours, etc.

**BURNS & HARRIS, ESQS.**
**Attorneys for Plaintiff**

BY: _____
    JOEL A. HOROWITZ
    233 Broadway, Suite 900
    New York, NY  10279
    212 393-1000

09/02/2013 01:04 FAX                                                                 ☒006

KMART CORPORATION
300 Baychester Avenue
Bronx, NY  10475

SEARS HOLDINGS CORPORATION
300 Baychester Avenue
Bronx, NY  10475

SEARS HOLDINGS MANAGEMENT CORPORATION
300 Baychester Avenue
Bronx, NY  10475

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------x
LETICIA MARTINEZ,

                    Plaintiff,

-against-

KMART CORPORATION, SEARS HOLDINGS
CORPORATION AND SEARS HOLDINGS
CORPORATION,

                    Defendants.
--------------------------------------------------------------x

Index # 303080/08

APR 16 2008

VERIFIED
COMPLAINT

MANAGEMENT

      Plaintiff, by her attorneys, **BURNS & HARRIS, ESQS.**, complaining of the defendants, upon information and belief, allege as follows:

    1.    That at all times mentioned herein, the plaintiff, LETICIA MARTINEZ, was and still is a resident of the County of Bronx, City and State of New York.

    2.    That at all times hereinafter mentioned, the defendant, KMART CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

    3.    That at all times hereinafter mentioned, the defendant, KMART CORPORATION, was a foreign corporation duly authorized to conduct business in the State of New York.

    4.    That at all times hereinafter mentioned, the defendant, KMART CORPORATION, was a corporation doing business in the State of New York.

5. That at all times hereinafter mentioned, the defendant, KMART CORPORATION, conducted business within the County of Bronx, City and State of New York.

6. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS CORPORATION, was a foreign corporation duly authorized to conduct business in the State of New York.

8. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS CORPORATION, was a corporation doing business in the State of New York.

9. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS CORPORATION, conducted business within the County of Bronx, City and State of New York.

10. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS MANAGEMENT CORPORATION, was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

11. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS MANAGEMENT CORPORATION, was a foreign corporation duly authorized to conduct business in the State of New York.

12. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS MANAGEMENT CORPORATION, was a corporation doing business in the State of New York.

13. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS MANAGEMENT CORPORATION, conducted business within the County of Bronx, City and State of New York.

14. That at all times hereinafter mentioned, the defendant, KMART, occupied a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

15. That at all times hereinafter mentioned, the defendant, KMART, operated a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

16. That at all times hereinafter mentioned, the defendant, KMART, maintained a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

17. That at all times hereinafter mentioned, the defendant, KMART, managed a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

18. That at all times hereinafter mentioned, the defendant, KMART, controlled a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

19. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS CORPORATION, occupied a store at the premises known and

designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

20. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS CORPORATION, operated a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

21. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS CORPORATION, maintained a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

22. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS CORPORATION, managed a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

23. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS CORPORATION, controlled a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

24. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS MANAGEMENT CORPORATION, occupied a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

25. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS MANAGEMENT CORPORATION, operated a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

26. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS MANAGEMENT CORPORATION, maintained a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

27. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS MANAGEMENT CORPORATION, managed a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

28. That at all times hereinafter mentioned, the defendant, SEARS HOLDINGS MANAGEMENT CORPORATION, controlled a store at the premises known and designated as 300 Baychester Avenue, County of Bronx, City and State of New York.

29. That on or about September 12, 2007, the plaintiff, LETICIA MARTINEZ, was lawfully within the said store.

30. That on or about September 12, 2007, the plaintiff, LETICIA MARTINEZ, was a customer at the Kmart store, located at 300 Baychester Avenue, County of Bronx, City and State of New York

09/02/2013 01:04 FAX                                                                        ☒005

31. That on or about September 12, 2007, the plaintiff, LETICIA MARTINEZ, was caused to be injured while lawfully present within the said store.

32. That on or about September 12, 2007, and for a period of time prior thereto, there existed a dangerous, defective, hazardous and unsafe condition within the store at said premises.

33. That on or about September 12, 2007, defendants caused, created and/or maintained a dangerous, defective, hazardous and unsafe condition within the store at said premises.

34. That on or about September 12, 2007, the defendants failed to warn those lawfully upon the premises including the plaintiff herein of the hazardous condition.

35. That on or about September 12, 2007, the plaintiff was caused to be injured as a result of the said dangerous, defective, hazardous and unsafe condition within the store at said premises.

36. That the foregoing accident and the resulting injuries to the plaintiff were caused solely by reason of the carelessness, negligence, and/or recklessness on the part of the defendants, and without any negligence on the part of the plaintiff contributing thereto.

37. That the foregoing accident and the resulting injuries to the plaintiff, LETICIA MARTINEZ, were due to the negligence of the defendants in its ownership, operation, maintenance, management and control of said premises; in causing, permitting and/or allowing the premises to be, become

09/02/2013 01:05 FAX                                                                                              ☒010

and remain in a defective, dangerous, unsafe and hazardous condition; in failing to provide the plaintiff with a safe and proper place to traverse; in causing, permitting or allowing a dangerous condition to exist upon the premises for an unreasonable period of time; and in otherwise being careless and negligent at the time and place of the occurrence.

38. That this action falls within one or more of the exceptions of Section 1602 of the CPLR regarding the joint and several liability between these defendants and any other parties which may be joined in this action.

39. That by reason of the foregoing, this plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence all to plaintiff's great damage.

40. That by reason of the foregoing, this plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action.

WHEREFORE, plaintiff demands judgment against the defendants, KMART and SEARS, in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this action together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: New York, New York
April 15, 2008

Yours, etc.,

BURNS & HARRIS, ESQS.
Attorneys for Plaintiff

By: _____
JOEL A. HOROWITZ, ESQ.
217 Broadway, Suite 308
New York, NY 10007
(212) 2393-1000

## ATTORNEY VERIFICATION

JOEL A. HOROWITZ, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, hereby affirms, upon information and belief, as follows:

I am the attorney for the plaintiff in the within action and have read the foregoing COMPLAINT and know the contents thereof; the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true.

This verification is made by this affirmant and not by said plaintiff because said plaintiff resides in a County other than the County wherein your affirmant maintains his office.

The grounds of affirmant's knowledge and belief are as follows: Conference with client, notes and records contained in the file maintained in the regular course of business, and investigations made by your affirmant and members of his staff.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
       April 15, 2008

_____
JOEL A. HOROWITZ

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

LETICIA MARTINEZ

                Plaintiff,

-against-

KMART CORPORATION, SEARS HOLDINGS
CORPORATION AND SEARS HOLDINGS
MANAGEMENT CORPORATION,

                Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**BURNS & HARRIS**
*Attorneys for Plaintiff*
*LETICIA MARTINEZ*
233 Broadway, Suite 900
New York, New York 10279
(212) 393-1000