UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

LETICIA MARTINEZ,                       Civil Action No.:
                                           08 CV 4455
                  Plaintiff,

     -against-                                 ANSWER

KMART CORPORATION, SEARS HOLDINGS
CORPORATION and SEARS HOLDINGS
MANAGEMENT CORPORATION,
                                       J. Cedarbaum
                  Defendants.
                                       M. Pitman
------------------------------------------X

      Defendants, KMART CORPORATION, SEARS HOLDINGS CORPORATION and SEARS HOLDINGS MANAGEMENT CORPORATION (hereinafter collectively referred to as "Defendants"), by their attorneys, SIMMONS, JANNACE & STAGG, L.L.P., as and for their Verified Answer to plaintiff's Verified Complaint, responds as follows:

      1. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "1" of the Verified Complaint.

      2. Deny the allegations contained in numbered paragraph "2" of the Verified Complaint.

      3. Deny the allegations contained in numbered paragraph "3" of the Verified Complaint except admit that KMART CORPORATION was a foreign corporation authorized to conduct business in the State of New York.

4. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "4" of the Verified Complaint and refer all questions of law to the Court.

5. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "5" of the Verified Complaint and refer all questions of law to the Court.

6. Deny the allegations contained in numbered paragraph "6" of the Verified Complaint.

7. Deny the allegations contained in numbered paragraph "7" of the Verified Complaint.

8. Deny the allegations contained in numbered paragraph "8" of the Verified Complaint.

9. Deny the allegations contained in numbered paragraph "9" of the Verified Complaint.

10. Deny the allegations contained in numbered paragraph "10" of the Verified Complaint.

11. Deny the allegations contained in numbered paragraph "11" of the Verified Complaint except admit that SEARS HOLDINGS MANAGEMENT CORPORATION was a foreign corporation authorized to conduct business in the State of New York.

12. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered

paragraph "12" of the Verified Complaint and refer all questions of law to the Court.

13. Deny the allegations contained in numbered paragraph "13" of the Verified Complaint.

14. Deny the allegations contained in numbered paragraph "14" of the Verified Complaint except admit that KMART operated a store on a portion of the premises located at 300 Baychester Avenue, County of Bronx, City and State of New York.

15. Deny the allegations contained in numbered paragraph "15" of the Verified Complaint except admit that KMART operated a store on a portion of the premises located at 300 Baychester Avenue, County of Bronx, City and State of New York.

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "16" of the Verified Complaint and refer all questions of law to the Court.

17. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "17" of the Verified Complaint and refer all questions of law to the Court.

18. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "18" of the Verified Complaint and refer all questions of law to the Court.

19. Deny the allegations contained in numbered paragraph "19" of the Verified Complaint.

20. Deny the allegations contained in numbered paragraph "20" of the Verified Complaint.

21. Deny the allegations contained in numbered paragraph "21" of the Verified Complaint.

22. Deny the allegations contained in numbered paragraph "22" of the Verified Complaint.

23. Deny the allegations contained in numbered paragraph "23" of the Verified Complaint.

24. Deny the allegations contained in numbered paragraph "24" of the Verified Complaint.

25. Deny the allegations contained in numbered paragraph "25" of the Verified Complaint.

26. Deny the allegations contained in numbered paragraph "26" of the Verified Complaint.

27. Deny the allegations contained in numbered paragraph "27" of the Verified Complaint.

28. Deny the allegations contained in numbered paragraph "28" of the Verified Complaint.

29. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "29" of the Verified Complaint and refer all questions of law to the Court.

30. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "30" of the Verified Complaint and refer all questions of law to the Court.

31. Deny the allegations contained in numbered paragraph "31" of the Verified Complaint.

32. Deny the allegations contained in numbered paragraph "32" of the Verified Complaint.

33. Deny the allegations contained in numbered paragraph "33" of the Verified Complaint.

34. Deny the allegations contained in numbered paragraph "34" of the Verified Complaint.

35. Deny the allegations contained in numbered paragraph "35" of the Verified Complaint.

36. Deny the allegations contained in numbered paragraph "36" of the Verified Complaint.

37. Deny the allegations contained in numbered paragraph "37" of the Verified Complaint.

38. Deny the allegations contained in numbered paragraph "38" of the Verified Complaint.

39. Deny the allegations contained in numbered paragraph "39" of the Verified Complaint.

40. Deny the allegations contained in numbered paragraph "40" of the Verified Complaint.

41. Deny plaintiff is entitled to the relief requested in the "WHEREFORE" Clause.

42. Defendant demands that liability, if any, be apportioned.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. Plaintiff's complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. Upon information and belief, plaintiff has not effectuated valid service, pursuant to the CPLR, and therefore, this Court lacks jurisdiction over the person of the defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45. Upon information and belief, the injuries allegedly sustained by plaintiff were not as a result of any culpable conduct by the defendants herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiff, which contributed to or caused plaintiff's alleged injuries.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46. Upon information and belief, any damages sustained by plaintiff were caused, in whole or in part, by the culpable conduct of plaintiff and/or were aggravated by the culpable conduct of plaintiff.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47. If plaintiff proves at trial the existence of a dangerous condition, all of which is denied, upon information and belief, any damages sustained by plaintiff were caused by plaintiff's having voluntarily and unreasonably assumed a known and dangerous risk, and/or the damages were caused by or aggravated by such conduct.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48. The defendants will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49. Upon information and belief, defendants never received actual or constructive notice of any defective or dangerous condition, and therefore, they cannot be liable for any alleged injuries suffered by plaintiff.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

50. Upon information and belief, if plaintiff suffered any damages as alleged in the Verified Complaint, such damages were as a result of an independent superseding act by a third party for which defendants cannot be held liable, and defendants' conduct was in no way the proximate cause of such damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

51. If plaintiff suffered damages as alleged, then plaintiff failed to mitigate such damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

52. If plaintiff herein has received remuneration and/or compensation for some or all of his claimed economic loss, or will with reasonable certainty receive renumeration and/or compensation for said loss in the future, the defendants are entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that plaintiff's Verified Complaint be dismissed in its entirety, and that defendants be awarded the costs and disbursements of this action, reasonable attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:   Syosset, New York
         May 12, 2008

        Yours etc.,

        SIMMONS, JANNACE & STAGG, L.L.P.

        By: _____/s/_____
            Sal F. DeLuca (sd 2354)

        Attorneys for Defendants
        KMART CORPORATION, SEARS HOLDINGS CORPORATION and SEARS HOLDINGS MANAGEMENT CORPORATION
        **Office & P.O. Address:**
        75 Jackson Avenue
        Syosset, New York 11791-3139
        (516) 357-8100

TO:   BURNS & HARRIS, ESQS.
      JOEL A. HOROWITZ
      Attorneys for Plaintiff
      LETICIA MARTINEZ
      **Office & P.O. Address:**
      233 Broadway, Suite 900
      New York, New York 10279
      (212) 393-1000

CERTIFICATE OF SERVICE

RE: Leticia Martinez v. Kmart Corporation, Sears Holdings Corporation and Sears Holdings Management Corporation
Civil Action No.: 08 CV 4455  J. Cedarbaum/M. Pitman

STATE OF NEW YORK )
: ss.:
COUNTY OF NASSAU )

I, NICHOLAS GKLOTSOS, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this **ANSWER** was made on May 16, 2008 by:

XX  Mail service: Regular first class United States mail, postage fully pre-paid, addressed to:

**BURNS & HARRIS, ESQS.**
**JOEL A. HOROWITZ**
Attorneys for Plaintiff
LETICIA MARTINEZ
**Office & P.O. Address:**
233 Broadway, Suite 900
New York, New York 10279
(212) 393-1000

Under penalty of perjury, I declare that the foregoing is true and correct.

_____
NICHOLAS GKLOTSOS

Sworn to before me this
16th day of May, 2008

_____
NOTARY PUBLIC

SIMMONS, JANNACE & STAGG, L.L.P.
75 Jackson Avenue, Suite 100
Syosset, New York 11791-3139
(516) 357-8100

MARGARET M ROSE
Notary Public, State of New York
No. 01RO6169875
Qualified in Nassau County
Commission Expires July 2, 20__